# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| Gary Self,<br><br>    Plaintiff,<br><br>v.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 4:15-cv-00017-HLM |

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

Discovery shall end September 14, 2015.

IT IS SO ORDERED, this __15th__ day of __May__, 2015.

_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| Gary Self,<br><br>                Plaintiff,<br>v.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 4:15-cv-00017-HLM |

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

**1.  Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

Defendant denies these allegations.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff alleges that Defendant began placing calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"). On or about December 13, 2014, Plaintiff requested that the calls stop; nevertheless, Defendant

1

continued to call. Defendant denies the allegations and further denies that Plaintiff suffered any damages.

**(c) The legal issues to be tried are as follows:**

1) Whether Defendant violated 47 U.S. Code § 227;

2) Whether Plaintiff has been damaged;

3) Whether Defendants were the cause of any damage asserted by Plaintiff;

4) Whether Defendant willfully or knowingly violated 47 U.S. Code § 227;

5) The amount of any statutory damages to be awarded to Plaintiff;

6) Whether Plaintiff has standing.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

___ (1) Unusually large number of parties

___ (2) Unusually large number of claims or defenses

___ (3) Factual issues are exceptionally complex

___ (4) Greater than normal volume of evidence

___ (5) Extended discovery period is needed

___ (6) Problems locating or preserving evidence

___ (7) Pending parallel investigations or action by the government

___ (8) Multiple use of experts

___ (9) Need for discovery outside United States boundaries

___ (10) Existence of highly technical issues and proof

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:	Sergei Lemberg, Esq.
	Lemberg Law LLC
	1100 Summer Street, 3rd Floor
	Stamford, Connecticut 06905
	Telephone: (203) 653-2250
	Facsimile: (203) 653-3424
	Email: slemberg@lemberglaw.com

Defendant:	Monica K. Gilroy, Esq.
	Tania T. Trumble, Esq.

GILROY BAILEY TRUMBLE LLC
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Telephone: (678) 280-1922
Facsimile: (678) 280-1923
Email: mkg@gilroyfirm.com
Email: ttt@gilroyfirm.com

4. **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

___Yes   X  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed will not be accepted for filing, unless otherwise permitted by law.

7.  Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel:* **before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.**

(b) *Summary Judgment Motions:* **within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

(c) *Other Limited Motions:* **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

8. **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

9. **Request for Scheduling Conference:**

6

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time; however, all parties reserve the right to request a conference to address scheduling and discovery matters at a later time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:** Plaintiff seeks discovery of Defendant's call records, telephone records, contact records, and servicing records relating to all telephone calls placed to Plaintiff as well as documents relating to any defenses raised by the Defendant.

**Defendant:** In addition to the above, Defendant seeks discovery of any documentation of any actual damages suffered by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

At this time, the parties do not anticipate the need for additional time. The parties request the right to seek leave of the Court to extend the Discovery period if necessary. Currently, discovery is scheduled to end on September 14, 2015.

**11. Discovery Limitations and Discovery of Electronically Stored Information:**

(a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

(b) **Is any party seeking discovery of electronically stored information?**

__X__ Yes     ____ No

If "yes,"

(1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:**

Discussions are ongoing.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce electronically stored information as single-page TIFF images, or in native format as appropriate.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

9

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties do not need any other orders at this time.

### 13. Settlement Potential:

The parties are currently engaging in settlement negotiations and believe that this case can be amicably resolved.

**(a) Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 14, 2015, and that they participated in settlement discussions.**

Lead counsel (signature):

**For Plaintiff:**  /s/ Sergei Lemberg
Sergei Lemberg, Esq.

**For Defendant:**  /s/ Monica K. Gilroy
Monica K. Gilroy, Esq.

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( ) **A possibility of settlement before discovery.**

(X) **A possibility of settlement after discovery.**

( ) **A possibility of settlement, but a conference with the judge is needed.**

( ) **No possibility of settlement.**

(c) **Counsel (__x__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

Defendant denies the allegations contained in Plaintiff's Complaint.

**14.  Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) **The parties (_) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

(b) **The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

**Dated: May 14, 2015**

**LEMBERG LAW LLC**

By:  /s/ Sergei Lemberg
     Sergei Lemberg, Esq.
     Lemberg Law LLC
     1100 Summer Street, 3rd Floor
     Stamford, Connecticut 06905
     Phone: (203) 653-2250
     Fax: (203) 653-3424
     Email: slemberg@lemberglaw.com
     *Counsel for Plaintiff*


     /s/Monica K. Gilroy
     Monica K. Gilroy, Esq.
     Tania T. Trumble, Esq.
     GILROY BAILEY TRUMBLE LLC
     3780 Mansell Road, Suite 140
     Alpharetta, Georgia 30022
     Telephone: (678) 280-1922
     Facsimile: (678) 280-1923
     Email: mkg@gilroyfirm.com
     Email: ttt@gilroyfirm.com
     *Counsel for Defendant*

12