IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| GARY SELF, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYNCHRONY BANK f/k/a )<br>GE CAPITAL RETAIL BANK; )<br>and DOES 1-10, inclusive, )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION FILE<br><br>NO. 4:15-CV-00017-HLM |

**RULE 26(a)(1) INITIAL DISCLOSURES OF**
**SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK**

Defendant SYNCHRONY BANK, f/k/a GE Capital Retail Bank ("Synchrony Bank" or "Defendant"), by counsel, makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). These disclosures are based upon the information presently known and reasonably available to Synchrony Bank. Synchrony Bank makes these disclosures without waiving the right to supplement, delete, or modify them as further information is developed during discovery or otherwise. As such, Synchrony Bank does not represent that it is identifying every document, tangible thing, or witness

1

possibly relevant to this action or to its defenses in this matter. Rather, Synchrony Bank's disclosures represent a good faith effort to identify information that Synchrony Bank presently believes is required by Federal Rule of Civil Procedure 26(a)(1).

Synchrony Bank makes these disclosures without waiving: (1) the right to object to the production of any document or tangible thing disclosed on the grounds of competency, privilege, relevancy and materiality, hearsay, undue burden, or any other proper grounds; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

1. **<u>Persons with knowledge</u>** - the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

    a.     Gary Self, Plaintiff

Plaintiff's knowledge of the facts of this case is known to himself. Synchrony Bank believes that Plaintiff is likely to have knowledge of the allegations contained in the Complaint, the history of the account, his credit history, his alleged damages, and any communications with any of the parties in this matter or any third parties concerning the facts of this matter.

    b.     Representative(s) from Synchrony Bank, c/o Undersigned Counsel for Synchrony.

Representative(s) from Synchrony Bank is likely to have information regarding the records concerning the account at issue in this case (the "Account"), Plaintiff's dispute(s) related to the Account, and Synchrony Bank's investigation and/or reinvestigation of those disputes.

    c.     Any witness identified by any other party to this lawsuit or individual identified in documents produced by any party in connection with this lawsuit.

    d.     Any individual or witness necessary for impeachment or rebuttal.

    e.     Synchrony Bank specifically reserves the right to identify and supplement additional individuals likely to have discoverable information that it may use to support its claims or defenses, as these individuals become available or known to Synchrony.

2. **Documents** - a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Synchrony Bank identifies the following documents and tangible things that may be used to support its defenses in this litigation which are in its possession or control:

    a.    Non-privileged documents related to the account(s) of the Plaintiff, including credit application(s) and related documents;

    b.    Records of communications between any parties to this litigation concerning the Account;

    c.    All documents produced by Plaintiff or third parties in the course of this litigation;

    d.    Call recordings, if available;

    e.    Synchrony Bank specifically reserves the right to identify and supplement additional documents that it may use to support its claims or defenses, as those documents become available or known to Synchrony.

3.    **<u>Computation of damages claimed by Synchrony Bank</u>** – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

Synchrony Bank claims no damages in this lawsuit at this time but reserves the right to do so.

4. **Insurance Agreement** - for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment

There is no insurance agreement applicable to the Plaintiff's claims.

Respectfully submitted this 18th day of May, 2015.

                                        GILROY BAILEY TRUMBLE LLC

                                        /s/ Monica K. Gilroy
                                        MONICA K. GILROY
                                        Georgia Bar No. 427520
                                        TANIA T. TRUMBLE
                                        Georgia Bar No. 720348
                                        **Attorneys for Defendant**
                                        **Synchrony Bank, f/k/a**
                                        **GE Capital Retail Bank**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: mkg@gilroyfirm.com
       ttt@gilroyfirm.com

## FONT CERTIFICATION

The undersigned counsel for named defendant Synchrony Bank hereby certifies that the within and foregoing Rule 26(a)(1) Initial Disclosures were prepared using Book Antiqua 13-point font in accordance with LR 5.1C (N.D. Ga.).

This 18th day of May, 2015.

        /s/ Monica K. Gilroy
        MONICA K. GILROY
        Georgia Bar No. 427520
        **Attorney for Defendant**
        **Synchrony Bank, f/k/a**
        **GE Capital Retail Bank**

GILROY BAILEY TRUMBLE LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: mkg@gilroyfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GARY SELF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 4:15-CV-00017-HLM |
| SYNCHRONY BANK f/k/a ) | |
| GE CAPITAL RETAIL BANK; ) | |
| and DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date electronically filed the within and foregoing **RULE 26(a)(1) INITIAL DISCLOSURES OF SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK** in the above-captioned civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

>Sergei Lemberg, Esq.
>slemberg@lemberglaw.com
>LEMBERG LAW LLC
>1100 Summer Street, Third Floor
>Stamford, Connecticut 06905
>*Counsel for Plaintiff*

This 18th day of May, 2015.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for Defendant**
**Synchrony Bank, f/k/a**
**GE Capital Retail Bank**

GILROY BAILEY TRUMBLE LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: mkg@gilroyfirm.com